UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jesse R. Lance**, <br> a.k.a. the Heirs of Willie Lance, <br><br> Plaintiff, <br><br> vs. <br><br> **Donald D. Brewer, Jr.**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 2:07-365-SB-BM <br><br> Report and Recommendation |

Plaintiff, proceeding *pro se*, brings this action against a neighbor in Georgetown, South Carolina, alleging discrimination and racism. The plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. at 519; Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F. 2d 387 (4th Cir. 1990).



Discussion

The complaint alleges that the plaintiff lives on a parcel of land that adjoins a parcel of land owned by defendant Brewer.  Plaintiff alleges that the defendant's grandfather purchased the adjoining land forty to fifty years ago by "fooling" the plaintiff's cousin into selling ten to twenty acres of river front property for $200.00.  Plaintiff alleges that in late 2005 the defendant cut down three large oak trees on the plaintiff's property and sold them for profit without the plaintiff's permission and that the defendant also cut down limbs from plaintiff's trees without permission.  Plaintiff alleges that the defendant stated that he had permission from the County to cut the trees, but that the County employee advised the plaintiff that the defendant was not given permission.  Plaintiff alleges that the defendant's actions are racism and discrimination, and seeks $85,000.00 on behalf of the Heirs of Willie Lance.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; see also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Under the applicable rules and caselaw, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Davis v. Pak, 856 F.2d 648, 650



(4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[,]" although even if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Here, liberally construing Plaintiff's allegations, he is alleging a federal civil rights violation under 42 U.S.C. § 1983 or § 1981 based on a claim of racial discrimination. However, to state a claim under 42 U.S.C. § 1983, a plaintiff must set forth two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, the named defendant is a private individual who owns a business named Don's Scrap Metal and Iron, not a public official acting under color of state law. While a private entity defendant can in some limited circumstances act under color of state law for purposes of § 1983, the Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action;" see Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994); none of which applies here.

"First, a private party that is regulated by the state acts under color of state law where there is a 'sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" Id. See also Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).



Second, state action can be found "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." Conner v. Donnelly, 42 F.3d at 224. Third, state action can be found where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.'" Id. Plaintiff has not set forth any allegations to show that the defendant's actions could be deemed state action under any of these three scenarios, nor does he allege any facts that would support that legal theory. Plaintiff also failed to allege an essential element of a § 1981 claim, as the alleged facts do not relate to any contract, nor do the facts relate to a property law enjoyed by white citizens[1] which the plaintiff did not enjoy.    See Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006); 42 U.S.C. § 1981(a).

      Since plaintiff's claims do not pose any federal question, they cannot serve as the basis for federal jurisdiction. To the extent plaintiff's allegations can be construed to set forth a cause of action, it would instead appear to be based in state law; for example, South Carolina tort law. Such a state law claim would be cognizable in this Court under the federal diversity statute, if that statute's requirements were to be satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992). However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365,

---

[1]Plaintiff is an African-American.



372-374 (1978). Since plaintiff alleges that both he and the defendant live in Georgetown, South Carolina, this Court has no diversity jurisdiction in this case.

### Recommendation

Because plaintiff's facts fail to state a claim upon which relief can be granted and because this Court does not have subject matter jurisdiction, **it is recommended** that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

February 15, 2007
Columbia, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

