IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2007 APR 24  A 10: 44

Jesse R. Lance, )
a.k.a. the Heirs of Willie Lance, )
)
    Plaintiff, )   Civil Action No. 2:07-365-SB-BM
)
v. )
)
Donald D. Brewer, Jr., )   **ORDER**
)
    Defendant. )
_____ )



This matter is before the Court upon Plaintiff Jesse R. Lance's ("the Plaintiff") *pro se* complaint, wherein he alleges racism and discrimination. Specifically, the Plaintiff's complaint alleges that in late 2005 Defendant Donald D. Brewer, Jr. ("the Defendant") cut down three large trees and other tree limbs on his property without permission. The Plaintiff asserts that the Defendant sold these trees for profit but that he and his relatives did not receive any profit. The Plaintiff states that the Defendant told him the county gave him permission to cut down the trees, but according to the Plaintiff, a county employee told him that the Defendant did not have permission to cut down the trees. In addition to these claims, the Plaintiff asserts that the Defendant's grandfather purchased the property adjoining his property forty to fifty years ago by "fooling" the Plaintiff's cousin into selling ten to twenty acres of river-front property for $200.00. The Plaintiff alleges that the Defendant's actions constitute racism and discrimination, and he seeks $85,000.00 on behalf of the heirs of Willie Lance.

The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge concluded that even liberally construing the Plaintiff's complaint, federal

question jurisdiction does not exist because the Plaintiff fails to state a claim for a federal civil rights violation pursuant to 42 U.S.C. § 1981 or 1983.  Next, the Magistrate Judge concluded that because diversity jurisdiction also does not exist, the Plaintiff's complaint is subject to summary dismissal for lack of subject matter jurisdiction.

First, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  "The 'under color of state law' element of a § 1983 claim requires that 'the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State.'" Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Here, the named Defendant is a private individual who owns a business named Don's Scrap Metal and Iron; the Defendant is not a public employee or official. Nevertheless, the Fourth Circuit has articulated "three situations in which particular conduct by a private entity constitutes 'state action.'" Conner, 42 F.3d at 223.

> First, a private entity that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  Second, a private party acts under color of state law where the state, through the extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state.  Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'"

Id. (internal citations omitted).  As the Magistrate Judge concluded, none of these three situations applies in the present case.

Moreover, to the extent the Plaintiff attempts to state a claim pursuant to § 1981, the Court agrees with the Magistrate Judge that the Plaintiff has failed to allege an essential element of a § 1981 claim, as the facts do not relate to any contract, nor do the facts relate to a property law enjoyed by white citizens but not by the Plaintiff, who is black. See 42 U.S.C. § 1981(a).

Because the Plaintiff's complaint fails to state a claim for a federal civil rights violation pursuant to 42 U.S.C. § 1981 or 1983, it is clear that federal question jurisdiction does not exist. In addition, to the extent the Plaintiff's complaint does assert a state law cause of action based in tort, it is clear that the Court lacks diversity jurisdiction to adjudicate such a claim, as complete diversity of the parties does not exist. See 28 U.S.C. § 1332(a).

In his half-page, written objections to the R&R, the Plaintiff asserts that the Defendant does not reside in Georgetown, South Carolina, as the Magistrate Judge stated, but that the Defendant resides in Johnsonville, South Carolina. Unfortunately for the Plaintiff, however, this fact does not alter the Court's analysis because the parties still are not of diverse citizenship, as both the Plaintiff and the Defendant reside in South Carolina.

Also, the Plaintiff states that he objects to "all of the Magistrate [Judge's] Report and Recommendation." (Obj. at 1.) However, he does not set forth any legal basis for his objection but instead states: "GOD ALMIGHTY does not like what you Racist people are doing, and GOD will show it very soon by punishment, and Destruction. The United States Court has Federal Jurisdiction, because this is a Civil Rights Violation." (Obj. at 1.) Ultimately, the Plaintiff's unsubstantiated statement that the Court has federal jurisdiction because this is a civil rights violation does not change the fact that even liberally construing

3

the Plaintiff's complaint, it fails to state a claim for a federal civil rights violation pursuant to 42 U.S.C. § 1981 or 1983. As a result, the Plaintiff's complaint does not provide the Court with federal question jurisdiction. Moreover, as previously mentioned, because the parties are not of diverse citizenship, the Court also lacks diversity jurisdiction. In sum, therefore, the Court agrees with the Magistrate Judge that the Court does not have subject matter jurisdiction over the Plaintiff's complaint.

Based on the foregoing, it is hereby

**ORDERED** that the R&R is adopted; the Plaintiff's objections are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

April **23**, 2007
Charleston, South Carolina

